UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JAMES WALTER DURAND                                                                                      PLAINTIFF

VERSUS                                                   CIVIL ACTION NO.1:22-CV-142-TBM-RPM

CAIN, ET AL.                                                                                                  DEFENDANTS

## REPORT AND RECOMMENDATIONS

Petitioner James Walter Durand ("Durand"), proceeding *pro se* and *in forma pauperis*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on June 9, 2022. Doc. [2]. Durand is an inmate at the Marshall County Correctional Facility. He contends that he is unlawfully confined following the revocation of his probation. Doc. [2]. Specifically, he argues there was an improper delay between his arrest and revocation hearing. *Id*. The Respondent ("Respondent") moves to dismiss Durant's complaint on the basis that he has failed to exhaust his state-court remedies as to these claims. Doc. [11]. Respondent contends that Durant has not presented his claims to the state's highest court, which leaves Durand's claims unexhausted. *Id*.

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which this case is subject to, specifies that exhaustion of a claim in state court is required for a federal court to consider the claim. "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b)(1)(A). To satisfy this requirement, the petitioner must present his claims to the highest state court in a procedurally proper manner so that the state courts are given a fair opportunity to consider and pass upon challenges to a conviction before those issues come to federal court for habeas corpus review. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844–45 (1999). This is so because state

courts, "like federal courts, are obliged to enforce federal law." *O'Sullivan*, 526 U.S. at 844. Exhaustion results from the petitioner's pursuit of his claims through state courts either by direct appeal or by post-conviction proceedings. *See Orman v. Cain*, 228 F.3d 616, 620 & n. 6 (5th Cir. 2000).

Respondent has presented evidence that Durand has not filed an appeal of the revocation proceedings in question. As support, it submits a docket sheet from the Jackson County Circuit Court that does not indicate a notice of appeal. Doc. [11-6]. Additionally, in Durand's response to the motion he does not dispute his failure to appeal the revocation. Rather, he seems to assert that the exhaustion requirement would only delay his proceedings and extend his incarceration period. Doc. [14], at 6. So, the record and Durand himself demonstrate that he did not present these claims to the State's highest court in a procedurally proper manner. Thus, he has failed to properly exhaust his state court remedies as required by 28 U.S.C. § 2254(c).

## RECOMMENDATION

The undersigned recommends that Petitioner James Walter Durand's Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be dismissed without prejudice based on his failure to exhaust remedies available in the courts of the state.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.

A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    SO ORDERED AND ADJUDGED, this the 2nd day of November 2022.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE